


## United States District Court
## Northern District Illinois (Eastern Division)

**FILED**
APR 25 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Joseph R. Rivas, MD | * | |
| Plaintiff | * | |
| Vs. | * | |
| 1) Mr. Joseph Thomas Stachler | * | CIVIL NO.: |
| 2) Mr. Theodore Nathaniel Green | | 11-cv-02776 |
| 3) Ms. Rebecca L. Gold | | Judge Rebecca R. Pallmeyer |
| | | Magistrate Judge Jeffrey T. Gilbert |
| 4) Mr. Jason Menard | * | **RETALIATION/ DISCRIMINATION** |
| 5) Mr. Michael Morrissey | * | |
| 6) Ms. Darlene C. Williams | * | **LIBEL & SLANDER** |
| 7) Mr. Edwin Arnold Burnette | * | |
| 8) Mr. Abishi C. Cunningham | * | **OTHER CIVIL RIGHTS** |
| | * | |
| 9) Ms. Bobbie Fenton | | |
| | * | **MALICIOUS PROSECUTION** |
| 10) Office of Public Defender | * | |
| 11) Ms. Sonia Anita Antolec | | |
| | * | **LEGAL MALPRACTICE** |
| 12) Ms. Jeanine Broadnax | * | |
| 13) Ms. Charise Nancy Valente | | |
| | * | |
| 14) Mr. Patrick Kelly | * | **NEGLIGENCE** |

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

| | | |
|---|---|---|
| 15) Cook County State Attorney Office | * | |
| 16) Deputy Elizabeth Stachler (Hensley) | * | **DAMAGES AND CONSEQUENCES** |
| 17) Deputy Croak | * | |
| 18) Cook County Sheriff Office | * | |
| 19) Ms. Laura Lee Sova | * | |
| 20) Cook County Court Clerk | * | |
| 21) Ms. Star Edmonds | * | |
| 22) Ms. Elizabeth Thomas | * | |
| 23) Ms. Nanette Comeaux Brookings | * | |
| 24) Court Reporters Office | * | |
| 25) Cook County Goverment | * | |
| 26) Spouses of above Defendants to be Determined | * | **OTHER CONTRACT** |
| | * | |
| 27) Insurances Companies of above Defendants to be Determined | * | |
| 28) Richard Doe (Male Defendants to be Determine) & Michelle Doe Insurance Company | * | |
| | * | **PLAINTIFF DEMANDS** |
| 29) Paula Doe (Female Defendants to be Determine) & Michael Doe Insurance Company | * | **TRIAL BY JURY** |
| | * | |
| | * | |
| **Defendants** | * | |

**United States District Court-Illinois Northern District**
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

# COMPLAINT

## TO THIS HONORABLE COURT:

Now, comes the Plaintiff, Joseph R. Rivas, M.D., Pro-Se, and very respectfully exposes, states, alleges, request and hereby, files this complaint. In support of this complaint, belief and therefore, avers the following:

## JURISDICTION

1. This court has jurisdiction based on Legal Malpractice, Malicious Prosecution, and traffic of influences arising from the humongous money contributions of Northwestern Memorial Hospital to the electoral campaign of Richard Devine, the need to guarantee the same upcoming money to the reelection campaign of State Attorney Anita Altars and traffic of influences arising from Former Commissioner Claypool Former wife. Everything is in violation of Plaintiff Civil Rights. This court has jurisdiction due to Contract Breach of Plaintiff representation agreement with the Office of the Public Defender. The Office of the Public Defender discriminated, retaliates, and maliciously represented client due to above undue influences. The abusive destructive personality of Public Defender Stachler that differential diagnosis included but is not limited to traffic of influences, discrimination against Plaintiff accented Hispanic American nature, envy and jealousy of Plaintiff medical credentials and/or alcohol abuse disorder per information and belief from employees of the Public Defender Office and Plaintiff professional medical opinion. Mr. Stachler shortened Dr. Rivas jury trial by not allowing Dr. Rivas to testify. Mr. Stachler discharge a treating dentist of Dr. Rivas who Dr. Rivas subpoena to testify about legitimacy of Dr. Rivas status in Northwestern Hospital as a patient and not a trespasser to go into a two weeks emergency hospitalization that as per information and belief of two employees of the Public Defender office was for a alcohol

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

detoxification program. Dr. Rivas professional opinion due to the shake movements, information and belief from the building, and the fact that in three occasions plaintiff asked Mr. Stachler was he getting high on and he did not answered is that the information provided by the two employees of the Public Defender Office was right. Jurisdiction also includes other Civil Rights; Libel & Slander; Negligence; Wrongful Arrest; Malicious Prosecution, and Damages and Consequences. The amount in controversy well over exceeds $100,000.00 exclusive of costs.

2. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. & 1983, 1985, and 1986.

3. This court has jurisdiction under 28 U.S.C. & 1343 and 1367.

4. The plaintiff, Joseph R. Rivas, M.D., is a license medical physician and resident of Chicago, IL. Dr. Rivas is license to practice medicine and surgery in California, Louisiana, Puerto Rico, Pennsylvania, New York, and hold a partial medical license for the practice of Medicine and Surgery in England. Plaintiff has over five years of Board Certified /Eligible time by the American Board of Neurosurgery. Dr. Rivas has a clean record without criminal conduct nationwide from the United States, Puerto Rico, as well as a clean driving record. Plaintiff is hereby demanding trial by jury. The actions of above defendant taking advantage of this wrongful arrest for their own benefit have Plaintiff medical and brain surgery career paralyzed since the joint actions on above defendants started in July 2008. The above actions have also impaired the medical care of Plaintiff since Plaintiff was in Northwestern as a patient and not as a physician when the Chief of Neurosurgery organized this wrongful arrest. See the separate lawsuit that deals with the malicious arrest. The Blue Cross/ Blue Shield Health Insurance of plaintiffs does not cover in Illinois. Due to insurance coverage problems and that Plaintiff is in Chicago in student capacity to complete two years of neurosurgical residency training that Plaintiff need to be fully eligible to the American

**United States District Court-Illinois Northern District**
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

Board of Neurosurgery, the only medical care that Plaintiff can have in Illinois is in Northwestern Memorial Hospital and the join actions of above defendants jeopardize that care.

    5. That the defendant, Joseph Thomas Stachler, was a twenty-nine years old attorney Public Defender with two and a half years of legal experience when Dr. Rivas meet him in August 2008. Mr. Stachler was working before with Edward Corey Meyer and Scott Blumenshine but denied any involvement whatsoever with these two attorneys. Mr. Meyer himself has disciplinary action problems with the ARDC that involved practicing without a license in Michigan in which Mr. Stachler could have part. Mr. Stachler refused to meet with Plaintiff about this case and that is part of the record. Dr. Rivas noted a constant shaking in Mr. Stachler hands and upon direct questioning he did not answered why was he shaking so much. As early as September 8, 2008, Dr. Rivas met Mr. Green and requested to rescind Stachler representation but Mr. Green refused. Obviously, Stachler had the sponsorship of all his supervisors to prosecute Dr. Rivas and commit a legal malpractice. The doctor that Mr. Stachler dismissed and sent back without testifying wrote three letters about Dr. Rivas legitimate purposes in the Hospital as a patient in three different dates for court hearings with the purpose that this will go away. Mr. Stachler told Dr. Downey behind close doors that there was not need for him to be at the trial and that Dr. Rivas subpoena him on his own. In this way, Mr. Stachler removed two doctors from the witness stand to increase the credibility of the perjury witnesses. Mr. Stachler and Ms. Gold in agreement with Antolec and Broadnax and the judge Kuriakos Ciesil scheduled the jury instructions at 8:20 AM without arranging for Dr. Rivas to be there that early. The purpose was that Dr. Rivas did not to find out that they arrange between themselves that Dr. Rivas was not going to testify. The purpose was that the history they prepared was compatible with the false pictures of signs that ASA Antolec and Broadnax coached by Valente and Kelly were to sneak in the second day of the trial. The purpose was to prevent that Plaintiff

Case: 1:11-cv-02776 Document #: 1 Filed: 04/25/11 Page 6 of 13 PageID #:6

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

realized that one of the signs were from the Operating Room top door and the second sign from elsewhere else in the Hospital but not from the Operating Room door and that is why Ms. Antolec discarded the second fraud sign. The signs did not have nothing to do with the public area of the nurses registration desk that was were Plaintiff went to inquire about the whereabouts of the lease. Due to all the motions that Plaintiff filed during the two months before the jury trial indicating legal malpractice, Judge Rivkin Carothers declared the case as ineffective assistance of counsel and hire private counsel Stephanie Saltorous because after a legal malpractice claim gets granted, the Public Defender or former counsel has to stay away from the case.

      6. That the defendant, Ms. Laura Lee Sova was Executive Director of the Lakeview YMCA for short year tenure. Ms. Laura Lee Sova originated two wrongful eviction cases against plaintiff and kept Dr. Rivas in eviction Court in two frivolous consecutives eviction cases for a period of twenty-two months. As a result, of Plaintiff eviction defense the Metropolitan YMCA dismissed Ms. Sova from her job. Unfortunately, Dr. Rivas moved one block away from the YMCA. When Ms. Sova found out that plaintiff moved a block away from the YMCA, Ms. Sova badmouth Dr. Rivas through liable and slandering with his new landlord, originating a landlord tenant issue that was in the court call at the moment that the criminal trespassing of Northwestern fixed by Dr. Batjer arrived. Ms. Sova is the former wife of Former Commissioner Forest Edward Claypool. When Ms. Sova ended up dismissed from the Lakeview due to of Dr. Rivas successful defense at eviction court in these two consecutive cases YMCA, Former Commissioner Claypool was paying $1500.00 for child support for their daughter in common. By information and belief, Ms. Sova took Former Commissioner Claypool back to court in Lake County where the ongoing fight in the divorce since 1995 went in a transfer in 2003 after Claypool became Commissioner to get more money to compensate for the $93,000.00 lost salary for their daughter in common. The basis of the granted

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

Motion for Change of venue by information and belief from the female Judge at eviction Court was that a Plaintiff or Defendant can not get a fair trial in Cook County is a Commissioner is involve because the Commissioners administers the budget of the State Attorneys, the Public Defender as well as the judges. Ms. Sova uses her influences with the Public Defender and Judge Kuriakos to prevent Dr. Rivas from defending himself or hiring private counsel to use the fraud of the Operating Room doors picture that Dr. Batjer sent to obtain a guilty finding from the jury. In a post trial hearing the judge, declare the case of the trespassing as ineffective assistance of Counsel. The judge put together the two months of pre-trial pro-se motions of Dr. Rivas outlining the ineffective assistance of counsel with the fraud of the pictures. Additionally, the information and belief from the employees of the Public Defender office that the Public Defender had an emergency hospitalization for which the Public Defender shorten the trial for what appears to be an alcohol detoxification treatment, the judge dismissed the case. The post trial judge cancelled the supervision and granted a hearing of ineffective assistance of counsel with an adjudication of non-guilt subsequent to the appointment of private counsel.

7. During the trial, Stachler told the jurors that Plaintiff did not have anything to do but to be at Northwestern Hospital looking for the lease of Plaintiff apartment. Mr. Stachler and Ms. Gold allowed the jury instructions to be in defendant absence and organized that way since Defendant always said that he wanted to testify since that was the only way Defendant could be found innocent. Mr. Stachler and Ms. Gold did not want Plaintiff to find out that in order for them to find Dr. Rivas guilty and the false history that they fabricated of Dr. Rivas sneaking through highly secure doors following an employee with magnetic badges. STACHLER ALSO SEALED THE COURT ROOM DENYING DEFENDANT HIS RIGHT TO A PUBLIC TRIAL TO PREVENT THAT A PRIVATE ATTORNEY THAT DR. RIVAS HIRED, NICHOLAS ALBUKERK COMES

Case: 1:11-cv-02776 Document #: 1 Filed: 04/25/11 Page 8 of 13 PageID #:8

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

INTO THE COURT ROOM AND TELL DR. RIVAS THAT THE ONLY WAY THAT HE COULD BE FOUND NON-GUILTY WAS BY TESTIFYING.

8. Defendant Mr. Theodore Nathaniel Green is Stachler supervisor working under the influences of Commissioner Claypool former wife because besides losing the $93,000.00 salary job, commissioner Claypool former wife also lost her law license after a complaint that Plaintiff filed at the ARDC. Commissioner Claypool former wife also filed a petition for a Temporary Restraining Order at the eviction court without jurisdiction from TRO to prevent Dr. Rivas from printing her divorce from the Dorothy Brown website. Plaintiff did not allowed Commissioner Claypool Former wife to obtain the TRO and won the case against her and three other attorneys. This is why Laura Sova tied Dr. Rivas to ineffective assistant of counsel with Mr. Stachler, Gold, and Green because she knew that if Dr. Rivas defend himself or hired private counsel, Dr. Rivas was going to come out as non-guilty as he was. Mr. Green was doing his nails with a nail file at the courtroom, when the jury found Dr. Rivas guilty, Mr. Green Stood up, put the nail file in his pocket, looked at Dr. Rivas with a bullying face of satisfaction and abandoned the court room. After the guilty verdict, Dr. Rivas receive the confirmation of the alcohol problem of Mr. Stachler and questioned Mr. Green about giving Dr. Rivas a Public Defender with an alcohol problem. Mr. Green replied, "What are you doing snooping around on everybody. Dr. Rivas won the second eviction case from Laura Sova by proving that the vendetta that Ms. Sova had against Claypool in the divorce was the same one that Ms. Sova got against Dr. Rivas in eviction court because she could not fight with Claypool anymore since Claypool obtained the job at the Lakeview YMCA for her as Executive Director.

9. That Defendant Darlene C. Williams was the supervisor of Mr. Morrissey. Everything Mrs. Williams did was playing games with Plaintiff by telling him tomorrow, tomorrow, and never.

Case: 1:11-cv-02776 Document #: 1 Filed: 04/25/11 Page 9 of 13 PageID #:9

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

Ms. Williams also said for Dr. Rivas to file the Appeal and take it over to the Office of State Appellate Defendant. Now, Stachler and Green are following each other under the Supervision of Judge Walter Darkin Williams who supervises the traffic court. They manipulated with Judge Williams through Bobbie Fenton, and Star Eddmonds, the Court Clerk of the 10th floor of the Dailey Center to reassign the Appeal to the Public Defender Office and cover up for the undue influences, the legal malpractice, and the possible Stachler alcohol problems.

10. Dr. Rivas met Mr. Burnette, Former Public Defender, to get rid of Stachler to not avail. Dr. Rivas got into this problem with Dr. Batjer, Chief of Neurosurgery at Northwestern, who abuse Plaintiff's patient position at Northwestern Hospital. Dr. Batjer frame up Dr. Rivas with a Trespassing misdemeanor in retaliation for the work that Dr. Rivas had done back to 1995 in Neurosurgery to stop the denial of Neurosurgical Services to American Minorities by creating an equal field specially for African American, Hispanics, and Women. Green, William, Burnette, Cunningham, and Fenton are African American.

12. That defendant, spouses of above Defendants to be determined are in this lawsuit because they are both components of a society for common and mutual income. The spouse would have to pay for the compensation that will result as the end of this litigation because of her participation in a society of common and reciprocal income.

13. That Defendant Jason Menard is a Public Defender that Mr. Green placed on the case to prevent the attorneys of the Division of Legal Resources to get involved and prevent that Plaintiff was successful winning the whole case with the post trial Motions.

14. Defendant Michael Morrissey was Mr. Green Supervisor. Plaintiff met him personally to get rid of Mr. Stachler without success. Plaintiff called him for the post trial Motions and he was equally unhelpful.

Case: 1:11-cv-02776 Document #: 1 Filed: 04/25/11 Page 10 of 13 PageID #:10

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

15. Betty Doe Insurance Co., Jane Doe Insurance Co., Lana Doe Insurance Co., John Doe Insurance Co., Joe Doe Insurance Company, Robert Doe Insurance Company, Richard Doe Insurance Co., Helen Doe Insurance Co., Linda Doe Insurance Co., Ralph Doe Insurance Co., Peter Doe Insurance Co., Maria Doe Insurance Company, Jose Doe Insurance Company, Ramon Doe Insurance Company, Rafael Doe Insurance Company, Jackson Doe Insurance Company, Fidel Doe Insurance Company, Mark Doe Insurance Company, David Doe Insurance Company, Patrick Doe Insurance Company, Nathan Doe Insurance Company, Michelle Doe Insurance Company, Michael Doe Insurance Company, and Margaret Doe Insurance Co., are corporations fully registered. The State of Illinois or the corresponding State provides licenses to these corporations to incorporate to provide coverage in the different areas of liability. They are corporations with licenses to provide insurance's policies that cover several liabilities that include the above causes of actions. The insurances companies will be identify during the course of this litigation. If any of the above defendants enters into bankruptcy, the insurance companies that will be discovering in the discovery phase of this litigation will undertake the liability.

16. Richard Doe represents male defendants which names are unknown now. Plaintiff will request new summonses to this Honorable Court when they names be identify during the course of investigations of the events in this malicious prosecution and arrest lawsuit.

17. Paula Doe represents female defendants which names are unknown now. Plaintiff will request new summonses to this Honorable Court when they names be identify during the course of investigations of the events in this malicious prosecution and arrest lawsuit.

18. This court has jurisdiction based a plethora of reasons outlined above.

## COMMON ALLEGATIONS TO ALL COUNTS

**United States District Court-Illinois Northern District**
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

26. The municipality, township, or county under whose authority defendant officers or official acted is Cook County.

27. Defendant PO Stachler, Gold, Menard, Green as well as the other public defenders since Plaintiff escalated the mountain top violate plaintiff's civil rights by denying defendant a fair trial and the due process that Defendant is entitled as a full blown American.

28. This is a complaint for violation of Constitutional rights besides other causes of action.

29. The dismissal of the case, cancellation of Supervision and entering special orders dismissing the case indicated that plaintiff was innocent.

41. The Public Defenders, the wife of the public defender who is Elizabeth Stachler, the court clerk Edmonds who assigned the Appeal back to the Public Defender, Court Reported Elizabeth Thomas who left everything Defendant said in the sentencing hearing out even if the due process at that stage Judge Kuriakos did the job for Claypool former wife acted knowingly, intentionally, willfully, and maliciously.

42. Plaintiff also had violations of rights that the Illinois laws protect, such as false arrest, false imprisonment, malicious prosecution, and conspiracy.

43. The wives and husbands of defendants are with fictitious names until discovery shows who they are to cover the liability of their spouses.

44. Complainant will amend the complaint as soon as we know the names and the real ones will substitute the fictitious names.

## CAUSES OF ACTION

53. As a result of the facts alleged in paragraphs' above, Plaintiff, Joseph R. Rivas, MD, has suffered, is suffering, and will suffer tremendous grief and mental anguish. The above defendants and their insurance's should compensate damages that are reasonably valued in the excess of

Case: 1:11-cv-02776 Document #: 1 Filed: 04/25/11 Page 12 of 13 PageID #:12

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

$3,000,000.00. Plaintiff has lost of income, opportunity, impair of his health and damaging of his medical treatment in such a serious disease as penis cancer. Plaintiff had rejection of employment due to the active and revolving case that is eligible for expungement now but the process can take up to six months. The full time job of Plaintiff is three hundred and sixty pages of pro-se pleadings with over thirty-five court appearances with the time, pain, and suffering and limitation of patient income that this entails. There is imposing mental anguish because Plaintiff is not an attorney but the circumstances of this case, and the undue influences produced severe stress for plaintiff Stage 11 high blood pressure in the court room. Plaintiff request damages to compensate for all bodily harm, humiliate, limitation of Plaintiff capacity of obtaining employment by public humiliation and bullying, emotional harm, pain and suffering, loss of enjoyment of life, and all the other injuries inflicted by defendants.

**Wherefore**, Plaintiff, Joseph R. Rivas, MD, respectfully prays Judgment on verdict against defendants in the full amount asked for in the complaint. Plaintiff prays that this Honorable Court grants the costs, interest, and a reasonable amount of money for attorney's fees as well as any other compensation that this Reputable Court deems appropriate.

Respectfully Submitted,

*[signature: Joseph R. Rivas, MD]*

JOSEPH R. RIVAS, MD.

TEL. (630) 881-1148

MD 09654R
LA MED. LICENSE NUMBER

United States District Court-Illinois Northern District
Joseph R. Rivas, MD. Vs. Joseph T. Stachler, Et al. Complaint

## VERIFICATION

I, Joseph R. Rivas, M.D., hereby verifies and certifies that the allegations contained in the foregoing complaint are true to the best of my knowledge, beliefs and abilities.

*[signature: Joseph R. Rivas, MD]*

JOSEPH R. RIVAS, MD.
TEL. (630) 881-1148

MD 09654R
LA MED. LICENSE NUMBER